HEARD NOV. TERM, 1872.

## DETHERIDGE *vs.* EARLE.

Action on a promissory note dated April 5th, 1861, and due at one day. There was no defence, and the presiding Judge charged the jury that in strict law the plaintiff was entitled to recover the whole debt, principal and interest, "but that the jury might exercise a discretion as other juries had done, by giving only one half" the debt: *Held,* Error, and the verdict being for one half the debt a new trial was ordered.

For error of law a new trial may be granted on appeal from the judgment, though no motion for a new trial was made before the Circuit Judge.

BEFORE ORR, J., AT GREENVILLE, SEPTEMBER TERM, 1871.

The appeal was heard upon a statement made by plaintiff's attorney, and served upon defendant's attorneys, and a notice of appeal, containing the grounds upon which the motion would be made. The statement contains the whole case, and is as follows:

"This was an action brought by the plaintiff, A. Detheridge, a citizen of Kentucky, against R. H. Earle, defendant, a citizen of South Carolina, in the Common Pleas for Greenville County, South Carolina, and tried before His Honor James L. Orr, September Term, 1871, on a promissory note, dated 5th day of April, 1861, for two hundred dollars, due at one day. The case came on for trial on the 14th of September, 1871, and was submitted to the Court and jury for investigation. The note upon which the action was brought was admitted by the defendant, R. H. Earle, and no discount or payment pleaded or claimed. The amount of the note, principal and interest, on day of trial, was three hundred and forty-six dollars and eighteen cents. And this the plaintiff claimed and asked from the Court and jury. After argument of plaintiff's and defendant's counsel, his Honor the Judge charged the jury that in conformity

to strict law, the plaintiff was entitled to recover the whole amount of the debt, principal, and interest as was claimed by the plaintiff, but that the jury might exercise a discretion as other juries had done, by giving only one-half or the amount offered plaintiff, to wit: ($170.72.) one hundred and seventy dollars and seventy-two cents. His Honor the Judge also charged the jury that in those cases which were tried in Edgefield, South Carolina, and appealed from, and new trials granted, because the juries had not found the full amount, that he had tried the same cases since under the orders for new trials, and that the juries found the same verdicts as those appealed from, or verdicts for only one-half of the debt and interest. After this charge of the Judge, Hon. James L. Orr, the jury retired and brought in and rendered a verdict for one hundred and seventy dollars and seventy-two cents, ($170.72.) From this verdict the plaintiff appeals to the Supreme Court, because the verdict is not supported by the facts in evidence as above stated, and because of the erroneous charge of the Judge. This statement of facts the plaintiff, through his attorney, proposes to the defendant's attorney for settlement, and upon this statement the plaintiff bases his appeal."

*Stokes*, for appellant, filed a brief containing the following points and authorities:

1. That the jury scaled the plaintiff's demand, finding for him only one hundred and seventy dollars and seventy-two cents, when they should have found three hundred and forty-six dollars and eighteen cents, ($346.18,) the aggregate amount of principal and interest, and which was substantially directed and recommended by his Honor the Judge, contrary to law.— *Carwile* vs. *Harvey*, 15 Rich., 314.

In an action on bond, where no evidence is given by the defendant, a verdict for only one-fourth of the debt is in violation of law, and a new trial will be ordered.— *Workman et al.*, vs. *Bolling*, 2 S. C., 458.

2. The Supreme Court may give final judgment for whole debt and interest, without ordering new trial.—See Sec. 356 of Title 11 of Code, Part II.

Upon an appeal from a judgment or order, the appellate Court may reverse, affirm or modify the judgment or order appealed from, in the respect mentioned in the notice of appeal, and as to any or all of the parties, and may, if necessary or proper, order a new trial. When the judgment is reversed or modified, the appellate

Court may make restitution of all property and rights lost by the erroneous judgment.—Sec. 12, Title 2 of Code, Part I.

The Supreme Court may reverse, affirm or modify the judgment, decree or order appealed from, in whole or in part, and as to any or all of the parties; and its judgment shall be remitted to the Court below, to be enforced according to law.

*Earle & Blythe*, for appellee, filed a brief containing their points and authorities, as follows:

I. Motion for a new trial must be made to the Circuit Court.—Ch. III, Title VIII, of Code.

Objection to the verdict should be raised by motion for new trial.—*Benedict* vs. *N. Y. and Harlem R. R. Co.*, 8 N. Y. Leg. Obs., 168.

An appeal to the General Term from a judgment brings up only question of law. The Court cannot inquire whether the verdict was against evidence.—*Buckley* vs. *Keteltas*, 4 Sanford, 450, N. Y Sup. Crt., 1851.

The merits cannot be reviewed upon the evidence, on an appeal from a judgment on a verdict, if there is no appeal from any order denying a new trial.—N. Y. Sup. Crt., 1857; *Brown* vs. *Richardson*, 1 Bosw., 402.

II. The appellant's other proposition is: "To modify the finding of the jury."

This is not within the province of the Court.

"On appeal to the General Term from a judgment, the question whether the verdict was not against the weight of evidence cannot properly be raised. By Section 348 of the Code, an appeal upon the law only lies from a judgment entered at a special term, unless the trial be had before the Court or Referees. When the trial is by jury, their finding can only be reviewed by a motion for a new trial under Section 349; and if the moving party is not satisfied with the decision of the special term on the motion, he should appeal from the order. An appeal from the judgment does not bring such an order under review, except so far as the consideration of the questions of law raised at the trial, and the appellant's exceptions there taken may have that effect. Upon appeal from the judgment, the finding of the jury must be deemed final and conclusive as to the facts."—N. Y. Sup. Court, 1856; *Marquart* vs. *La-Farge*, 5 Duer., 559; N. Y. Com. Pl., 1854; *Keys* vs. *Devlin*, 3; E. D. Smith, 518; and see *Stelliner* vs. *The Granite Ins. Co.*, 5 Deur., 594.

"Generally, the question in a Court of review is whether the judgment of the subordinate tribunal was erroneous when pronounced on the law as it then stood. On an appeal from a judgment on a verdict by a jury, *the appellant cannot* be heard *upon the question whether the verdict is contrary to evidence.* That question can only be raised on a motion for a new trial, or on an appeal from an order on such motion."—*Anthony* vs. *Smith,* 4 Boswell, 503.

"On an appeal nothing can be examined except what might have been considered on a writ of error formerly."—N. Y. Com. Pl., 1850; *Hastings* vs. *McKinlay,* 3 Code R., 10.

And "the writ or error only lies upon matter of law arising from the face of the proceedings, (3 Blackstone's Com., 406,) and this Court is a Court for the correction of error of law in this sense, (Code, Part I, Title II,) and the General Assembly has given to another tribunal, to wit, the Circuit Court, *original* jurisdiction of motion for new trial; (Ch. III, Title VIII,) and if this were only a "partition of jurisdiction," as this power appertains to Courts of original jurisdiction, it is denied to one exercising appellate jurisdiction.—*State* vs. *Bailey,* 1 S. C., 4.

This decision, it is true, was made before writs of error were abolished and appeal substituted by the Code, but the Code does not change the jurisdiction in this particular.—*Craven* vs. *Rose,* (ante, 72.)

III. The appellant has filed no case or exceptions.

This is specifically required by law, and by rule of Court. "The questions or conclusions of law, together with a concise statement of the facts upon which they arose, shall be prepared by and under the direction of the Court."—Code, Section 358; and LV, LVI, LVII, LVIII and LIX, Rules of Court. The brief fails to show such statement.

A copy of the case, *as settled,* must be filed.—*Parker* vs. *Link,* 26 Howard, 375.

"An appeal to the general term from a judgment can properly only be heard on the record containing a bill of exceptions, except where the grounds of appeal appear upon the record alone."—N. Y. Com. Pl., 1850; *Hastings* vs. *McKinlay,* 3 Code R., 10.

"*It seems* that to entitle a party appellant to review any questions, either of fact or of law, arising upon the trial, or upon the decision, where the action is tried by the Court without a jury, or by a Referee, a case or exceptions, which is the same thing under the Code, regularly settled and filed, and made a part of the paper pre-

sented to the Court, is indispensable."—Supreme Court, 1858; *Conoly* vs. *Conoly*, 16 How. Pr., 224.

IV. The brief does not exhibit any final judgment entered up, which is necessary.—*Vide* Rule of Supreme Court, and Section 11, Title II, of Code.

To review, then, we find that the appellant has filed no case, and has taken no exceptions; that no statement of facts has been settled; that no final judgment has been entered, and he relies solely upon a motion to modify the verdict on the ground of an uncertified charge, or failing in that, then for a new trial, without the refusal of a motion therefor in the Court below; therefore defendant's attorney respectfully moves that the appeal be dismissed, with costs, and cites the following authority:

"On appeal from a judgment on a report of Referees, there not being in the record any statement of facts, as found by the Court below, nor any bill of exceptions, but simply a case setting forth all the evidence given on the trial, a motion to dismiss the appeal was granted with costs."—Court of Appeals, 1852; *Coolie* vs. *Brown*, Code R., N. S., 416.

May 6, 1872. The opinion of the Court was delivered by

WRIGHT, A. J. This was an action on a promissory note, dated April 5, 1861, payable one day after date. The case comes to this Court on appeal, because of the unjust, erroneous and unwarranted charge of the presiding Judge, which led the jury to bring in a verdict contrary to the law and the evidence. I cannot see any reason why a solemn contract with a good and sufficient consideration should be interfered with, because it was made previous to, or during the progress of the late rebellion, unless it was made with reference to "Confederate States notes, or their equivalent." It is not claimed, or attempted to be shown, that the note in question was so made. Therefore, it was the duty of the jury, according to the law and evidence in this case, to bring in a verdict for the whole amount found to be due. All persons have rights which all Courts of justice will respect. Under our system of jurisprudence, no State has the right to impair the obligation of a contract, much less has a Court the right to destroy or partially destroy solemn obligations made between citizens. To permit persons to get rid of paying one-half of their just, honest and equitable debts, because there has been a rebellion in the State, is no more nor less than offering a premium for such rebellion. It is

urged by respondent that, in order to give this Court jurisdiction to review on appeal, a motion for a new trial should have been made to the Court below. When an appeal is taken in due time, after judgment entered by the Court below, and it is found, as in this case, such judgment is contrary to the law, a new trial will be granted.

The motion is granted, and a new trial ordered to proceed, according to the rule laid down in this opinion.

*Willard*, A. J., concurred. *Moses*, C. J., absent at hearing, but concurred.